IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Diane Menaldi,** | Case No. 4:25cv00594 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| | |
| **Norfolk Southern Railroad Company,** | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

*Pro se* plaintiff Diane Menaldi filed this civil rights action against Norfolk Southern Railroad Company (Doc. No. 1). Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The application is granted.

The complaint contains no statement of claim. Rather, the complaint consists only of two exhibits: a photo of an individual holding papers and a pen (Doc. No. 1-1) and a letter to the "Federal Court of Northeast Ohio" (Doc. No. 1-2). The letter was prepared and signed by Arthur Menaldi as "Co-Guardian" on behalf of Plaintiff Diane Menaldi. (*Id.* at 2). The letter states that Plaintiff is in critical need of medical treatment "due to a severe health crisis that began following the East Palestine environmental incident." (*Id.* at 1). The letter states that "after exposure to an infection linked to the East Palestine disaster," Plaintiff's health declined, resulting in kidney failure. The letter requests Plaintiff's "case be urgently reviewed" and she receive financial assistance "especially in connection to the East Palestine environment crisis." (*Id.*).

After filing the complaint, Plaintiff filed a motion for medical relief and motion for expedited action (Doc. No. 3).

## I. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. Law and Analysis

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all

material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as her pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is almost completely devoid of facts. Additionally, the complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority. Plaintiff's pleading, rather, is nothing more than a mere conclusory, "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8 and must be dismissed on this basis.

### III. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and denies Plaintiff's motion for medical relief and motion for expedited action (Doc. No. 3). And for the foregoing reasons, the Court dismisses Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  May 15, 2025

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE